# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ERIC ORDUNA, | Case No. 3:20-cv-00641-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| TIM GARRETT, *et al.*, | |
| Respondents. | |

Petitioner Eric Orduna filed a *pro se* petition for writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This habeas matter is before the Court for initial review under the rules governing § 2254 cases,[1] as well as consideration of Petitioner's motion for appointment of counsel (ECF No. 3).

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *See State of Nevada v. Orduna*, Case No. C-13-291560-1.[2] Petitioner pled guilty to murder with use of a deadly weapon.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and

On June 16, 2017, the state district court entered a judgment of conviction, sentencing Petitioner to life with the possibility of parole after 20 years and a consecutive enhancement term of 4 to 10 years for use of a deadly weapon. The Nevada Court of Appeals affirmed Petitioner's judgment of conviction.

On March 18, 2019, Petitioner filed a state habeas petition for writ of *habeas corpus* ("state petition") seeking post-conviction relief. The state district court denied the state petition and the Nevada Supreme Court affirmed the denial. A remittitur issued on September 21, 2020. Petitioner initiated this case on November 16, 2020, by filing a petition for writ of *habeas corpus* (ECF No. 1-1). Having conducted an initial review, the Court will direct service of the Petition.

Turning to Petitioner's motion for appointment of counsel (ECF No. 3) to assist Petitioner in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Petitioner's motion for appointment of counsel represents that Petitioner is unable to read or write, that he "barely completed the sixth grade," and that his filings in this case were written with the assistance of another inmate. Given Petitioner's limited education, lengthy prison sentence, and inability to read, write, and articulate his claims without inmate

---

http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1 | assistance, the Court is persuaded that the interests of justice require appointed counsel. Petitioner's motion is thus granted.

It is therefore ordered that Petitioner Eric Orduna's motion for appointment of counsel (ECF No. 3) is granted.

It is further ordered that the Federal Public Defender ("FPD") is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the FPD's inability to represent Petitioner in these proceedings. If the FPD is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 120 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is directed to file Petitioner Eric Orduna's petition for writ of *habeas corpus* (ECF No. 1-1).

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the Petition. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 28th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE