UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC ORDUNA,<br><br>                Petitioner,<br>    v.<br><br>TIM GARRETT, *et al.*,<br><br>                Respondents. | Case No. 3:20-cv-00641-MMD-CLB<br><br>ORDER |

**I.     SUMMARY**

This counseled habeas petition comes before the Court on Respondents' motion to dismiss. (ECF No. 20 ("Motion").) Petitioner Eric Orduna ("Petitioner" or "Orduna") opposed the motion, and Respondents replied. (ECF Nos. 31, 32.) For the reasons stated below, the Court denies the Motion.

**II.    BACKGROUND**

Orduna challenges his 2017 state court conviction, pursuant to a guilty plea, of first-degree murder with the use of a deadly weapon. (ECF No. 17-1.) Orduna was sentenced to life with the eligibility of parole after 20 years plus a consecutive term of 48 to 120 months for the deadly weapon enhancement. (*Id.*) Orduna appealed, and the Nevada Court of Appeals affirmed on September 26, 2018. (ECF No. 17-4.) The Nevada Court of Appeals denied rehearing, and the Nevada Supreme Court denied review. (ECF Nos. 25-14, 25-15.)

Orduna filed a state petition for post-conviction relief. (ECF No. 25-18.) The state district court denied Orduna's petition on June 19, 2019. (ECF No. 25-24.) The Nevada Court of Appeals affirmed on July 16, 2020, and the Nevada Supreme Court denied rehearing. (ECF Nos. 17-8, 25-38.)

Thereafter, Orduna filed this first amended federal habeas petition. (ECF No. 16 ("Petition").) Respondents move to dismiss the Petition as unexhausted.[1] (ECF No. 20.)

### III.   LEGAL STANDARD

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365-66; *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Lundy*, 455 U.S. at 520. "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106.

---

[1] Respondents also moved to dismiss the Petition as untimely. (ECF No. 20 at 4.) However, Respondents withdrew their timeliness argument in their reply. (ECF No. 32 at 2.)

2

However, citation to state case law that applies federal constitutional principles will suffice. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Picard*, 404 U.S. at 277-78. The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982) (Ely, J., concurring).

Claims must also be presented to the highest state court in a procedurally correct manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a claim is exhausted only when it has been presented in a way that provides the state courts with an opportunity to rule on its merits).

**IV.     DISCUSSION**

Respondents argue that grounds 1 and 2 are unexhausted. (ECF No. 20 at 5.)

**A.     Ground 1**

In ground 1, Orduna alleges that his right to due process was violated because his guilty plea was not knowing, intelligent, and voluntary. (ECF No. 16 at 8.) Respondents argue that while Orduna presented a similar state law claim to the state courts, he did not fairly present the federal constitutional claim. (ECF No. 20 at 5.) Specifically, Respondents contend that Orduna's claim rested entirely on state law grounds because he only "argued that he had presented a 'fair and just' reason [under NRS § 176.165] to withdraw his plea before sentencing." (ECF No. 32 at 3.)

3

Prior to sentencing, Orduna moved to withdraw his guilty plea, arguing that he "only plead [sic] guilty in open court because he did not understand exactly what was happening and because the stress and strain of having to make such a quick decision . . . caused [him] to have a mental breakdown." (ECF No. 24-19 at 4.) Accordingly, Orduna contended that "he did not fully understand the consequences of the proceeding and therefore did not enter into the guilty plea either knowingly or voluntarily." (*Id.*) Following an evidentiary hearing, the state district court, citing *Bryant v. State*, 721 P.2d 364, 368 (1986), stated, *inter alia*, that Orduna "bears the burden of proving his plea was not knowingly and voluntarily entered." (ECF No. 24-32 at 9.) The state district court denied Orduna's motion. (*Id.* at 12.)

On direct appeal, in ground 1, Orduna alleged that "the district court should have allowed the young defendant to withdraw his guilty plea." (ECF No. 17-2 at 15.) In support of that ground, Orduna argued, *inter alia*, that (1) "[i]t is understood that in moving to withdraw a guilty plea, a defendant bears 'the burden to prove that the plea was not entered knowingly and voluntarily,'" and (2) "[t]o determine whether the Defendant advanced a 'fair and just' reason to withdraw a guilty plea, the district court must consider the totality of the circumstances to determine whether the defendant entered the plea voluntarily, knowingly, and intelligently." (*Id.* at 16 (citing *Rubio v. State*, 124 Nev. 1032, 1028, 194 P.3d 1224, 1229 (2008) and *Stevenson v. State*, 131 Nev. 598, 604, 354 P.3d 1277, 1281 (2015)).) In determining that the state district court did not abuse its discretion by denying Orduna's motion to withdraw his guilty plea, the Nevada Court of Appeals noted, *inter alia*, that the state district court found that "the time period available to Orduna was sufficient for him to make a knowing and voluntary plea." (ECF No. 17-4 at 3-4 (citing *Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994) (explaining that the "court has held that a guilty plea is presumptively valid, and the defendant has the burden of establishing that the plea was not entered knowingly and intelligently")).)

This Court holds that a fair reading of Orduna's direct appeal yields the conclusion that he fairly presented the federal constitutional claim in ground 1. On direct appeal,

Orduna invoked federal due process concerns, arguing that his plea was not knowingly and voluntarily entered such that his motion to withdraw his plea should have been granted. (ECF No. 17-2 at 16.) Further, the state district court and the Nevada Court of Appeals cited *Bryant* and *Hubbard*, respectively, in considering this claim. These cases involved whether a defendant's guilty plea satisfied federal due process. *See Bryant*, 102 Nev. at 272, 721 P.2d at 368; *Hubbard*, 110 Nev. at 675, 877 P.2d at 521. Thus, this Court concludes that the Nevada Court of Appeals was apprised of the federal constitutional implications of the claim. *See Duncan*, 513 U.S. at 365; *Hiivala*, 195 F.3d at 1106. Ground 1 is exhausted.

### B.     Ground 2

In ground 2, Orduna alleges that his right to counsel was violated because he received ineffective assistance of counsel in seeking to withdraw his guilty plea. (ECF No. 16 at 14.) Orduna admits that ground 2 was not presented to the state courts, but he argues that (1) ground 2 is technically exhausted, and (2) he can overcome the procedural default pursuant to *Martinez v. Ryan*. (ECF No. 31 at 9.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Orduna would face several procedural bars if he were to return to state court. *See, e.g.*, NRS §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to

immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Orduna advances only *Martinez* as a basis for excusing the anticipatory default of ground 2. Accordingly, the Court grants Orduna's request to consider ground 2 technically exhausted. Because the cause-and-prejudice questions of ground 2 are necessarily connected to the merits of ground 2, the Court will defer a determination until the time of merits determination. Accordingly, the motion to dismiss ground 2 as exhausted, or alternatively procedurally defaulted, is denied without prejudice. Respondents may renew the procedural default argument in their answer.

**V.     CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 20) is denied as follows: (1) ground 1 is exhausted, and (2) ground 2 is technically exhausted, but procedurally defaulted.

///

It is further ordered that the Court defers consideration of whether Orduna can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012) to overcome the procedural default of ground 2 until after the filing of an answer and reply in this action.

It is further ordered that Respondents must file an answer to the amended petition within 60 days of the date of this order. Orduna will have 30 days from service of the answer within which to file a reply.

It is further ordered that Respondents' motion for leave to file the PSI under seal (ECF No. 26) is granted.

DATED THIS 22nd Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE